GILBERT D. DREW et al.

*v.*

SAMUEL L. DREW et al.

1. An agreement by an infant to accept a pecuniary consideration in lieu of· dower is not a bar to a claim for dower.

2. But she cannot claim dower, and enforce the payment of a promissory· note given to secure such consideration.

*Mr. T. Simonson* and *Mr. M. Rosenkrans*, for complainants.

*Mr. L. Van Blarcom*, for Mrs. Martha L. Drew.

On bill for partition.

BIRD, V. C.

Gilbert Drew, husband of said Martha, was the owner of lands· in fee simple. He entered into a contract of matrimony with, said Martha, before the marriage was solemnized, and also· entered into an agreement reciting the fact that such marriage·

Drew v. Drew.

contract had been made, and also reciting the fact that he had executed, and was about to deliver to her his promissory note for $2,000, payable one year after his death, in consideration of said marriage, for and in consideration of which said marriage and said note the said Martha covenanted, promised and agreed that she would not, in any wise, interfere or meddle with his real or personal property then or afterwards to be acquired, and that she would, in lieu thereof, receive the said promissory note, and, if required, would execute a release of dower and all right, claim or demand of dower in or to any lands or personal property of which the said Gilbert was then possessed, or became thereafter possessed, or die seized of. The agreement was executed under their respective hands and seals ; the note was executed and delivered according to the terms of the agreement. Both bear date November 21st, 1877. The note was delivered to Martha ; she held it during the lifetime of her husband, and still holds it. The husband died in January, 1885, leaving several children and the said Martha him surviving, and leaving, also, a last will and testament, in which he alludes to the said agreement, speaks of it as a marriage settlement made with her before marriage, and, in addition thereto, gives her a sewing machine. He devised to his children, naming them, being parties to this suit, all his real estate. This bill is filed for a partition of all that real estate.

The said Martha is a party defendant to this suit. The bill charges that by force of the said agreement and the acceptance of the said note by her, she has no interest, as the widow of the said Gilbert, in any of the lands of which he died seized. She answers the said bill, repudiates the contract, insists upon her dower in the said lands, and also claims the right to enforce against the estate of the said Gilbert the said note.

At the time of making said contract and solemnizing said marriage the said Martha was under the age of twenty-one years. She claims such protection as her minority affords under the law. There is no proof that either her parents or a guardian of the infant was present consenting to the contract. The complainants' counsel insists that section 13 of the married women's act

(*Rev. p. 636*) is applicable to this case. It provides that all contracts made between persons in contemplation of marriage shall remain in full force after such marriage takes place. Clearly, this can only refer to such contracts as are not void nor voidable. The widow now seeking to avoid her contract on the ground of infancy, the question is, Can she do so? The statute respecting dower expressly provides that if any deed or conveyance for jointure be made before marriage, and during the infancy of the *feme*, or be made after marriage, in either case the widow may, at her election, forego and waive such jointure, and demand and have her dower. It also provides that in case any such deed fail, through any defect, to be a legal bar to dower, and, the widow availing herself of such defect, demands her dower, then the interest conveyed by any such deed shall cease. *Rev. p. 322* §§ *12, 13*. The settlement in this case sought to be made a bar to dower is not by deed or conveyance of any lands, and therefore not within the statute. The statute is referred to, however, for the purpose of showing that the legislature regarded infancy a good plea in bar of any such settlement.

In this case it is claimed that although the settlement is not within the statute and not a legal jointure, since lands were not the subject-matter agreed upon, yet the agreement and the note constitute an equitable defence to the claim for dower, notwithstanding the infancy of the *feme*. I can see no equity in this case springing out of the contract itself, nor of the conduct of the parties since the making of the contract. And if infancy can be set up as contemplated by the statute as a bar to deeds conveying lands, and the widow be permitted to have her dower, I can see no reason for the court to interpose and declare an infant bound by her contract when it is not within the statute. This view is consistent with the decisions in this court, and in every other, as I understand them. *Glover* v. *Bates, 1 Atk. 439; Mitchell* v. *Smart, 3 Atk. 607, 612; Corbet* v. *Corbet, 1 Sim. & S. 612.*

These cases also settle the other branch of the case set before me, viz., the right of the widow to hold the note of $2,000, to collect the amount due thereon, and also to have her dower in

the lands of her deceased husband. This she cannot do. Besides the above cases, see, also, *Camden Mutual Insurance Co.* v. *Jones, 8 C. E. Gr. 171.* The widow must elect, within ten days after a copy of the decree in this case shall have been served upon her, which she will accept, dower in the lands of which her husband died seized, or the amount due upon said note.

In my opinion the lands should be sold. I think they cannot be divided without great prejudice. I believe the rights of the devisees are not in dispute.

I will so advise.